# A-2

1 CIT- ESERVE Case 3:21-cv-01250-N   Document 1-3   Filed 05/28/21   Page 2 of 13   PageID 11

FILED
4/30/2021 11:53 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
JAVIER HERNANDEZ DEPUTY

DC-21-05553

CAUSE NO. _____

| | | |
|---|---|---|
| **JENNIFER TEMPLE,** | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| **WFAA-TV, INC.,** | § § | 191st |
| Defendant. | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

**I.**

**INTRODUCTION**

Jennifer Temple ("Plaintiff") files this Original Petition against WFAA-TV, Inc. ("Defendant").

**II.**

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

**III.**

**PARTIES**

2. Plaintiff is an individual and a citizen of Denton County, Texas. The last three numbers of her social security number are 496 and the last three numbers of her Texas driver's license are 219.

3. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 8350 Broad Street, Suite 2000, Tysons, VA 22102. Defendant may be served with process, including citation and a copy of this lawsuit, by serving

---

Plaintiff's Original Petition  Page 1

Defendant's registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## IV.

## JURISDICTION

4. The Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

5. Plaintiff seeks monetary relief over $1,000,000.00.

## V.

## VENUE

6. Venue is proper in Dallas County because (a) Defendant's principal place of business is in Dallas County,[1] and (b) all or a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Dallas County.[2]

## VI.

## BACKGROUND FACTS

7. Plaintiff, a 48 year old female, worked for Defendant from on or about August 2017 until she was wrongfully terminated on or about July 13, 2020.

8. Since the beginning of Plaintiff's employment, a certain group of employees under the age of 40 targeted Plaintiff, lied about her to management and other employees, and conspired against her to have her fired. The culture of the company is one that supports bullying, sexual harassment, and derogatory comments about age and other protected classes. Defendant encouraged this group of harassers to bully and harass other employees by allowing them to do so to the point of causing targeted employees to resign or be terminated.

---

[1] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

[2] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

9. Over the years, there were constant comments of Plaintiff's age by the group of younger employee harassers, and these comments were endorsed and well known by management. This group of employees gave Plaintiff a Life Alert monitor as a gag-gift for her birthday one year, which embarrassed Plaintiff since Life Alert monitors are clearly sold to and used by the elderly.

10. Defendant's management favored younger employees over older employees. Defendant's management refused to allow Plaintiff to hire an experienced account executive, who was over the age of 40, claiming he was too old to work for the company.

11. Defendant's employees also spread inappropriate pictures and made inappropriate comments via text message, including a full-frontal photo of a naked man. In addition, Defendant tolerated drunken, lewd, inappropriate sexual comments and behavior, including the sharing of pornographic text messages and images, at company events and in the office. Male employees and employees under the age of 40 routinely shared inappropriate sexual and pornographic messages with other employees, but these male employees and the employees under the age of 40 were never disciplined or terminated for such behavior.

12. Plaintiff was well-respected and well-liked by most of her staff and other employees, with the exception of the group of young employee harassers who targeted her. Despite this, Plaintiff was advised during a conference call on July 1, 2020, that she was under investigation for inappropriate statements made at work. During this conference, Plaintiff explained that the allegations were untrue. Plaintiff asked if any employees that had sent sexually explicit text messages or made inappropriate comments at work were also being investigated. Plaintiff was advised that they could not discuss other employees. Plaintiff provided Defendant

with a written statement rebutting their allegations and discussing the harassment and discrimination she had experienced in the workplace.

13. On July 13, 2020, Plaintiff was called into a meeting and terminated for allegedly making sexual comments at an off-site lunch, nine months prior. Not only was the reason for the termination untrue, Plaintiff was terminated for something that younger employees were allowed to do on a daily basis with impunity. Throughout the events that led up to Plaintiff's termination, Defendant's employees continued to spread lies about Plaintiff and defame Plaintiff's character to other media outlets, in order to prevent her from working for any other media outlet in the Dallas-Fort Worth area. After Plaintiff's termination, the Dallas-Fort Worth media community learned of the lies spread about Plaintiff by Defendant's employees.

## VII.

## CONDITIONS PRECEDENT

14. Plaintiff filed the attached Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was dual filed with the Texas Workforce Commission pursuant to those agencies' work sharing agreement.

15. The Charge was filed within 180 days after Plaintiff was terminated.

16. More than 180 days have passed since the Charge was filed and no action has been taken.

17. Plaintiff has timely exhausted all of her administrative remedies.

## VIII.

## CAUSES OF ACTION

A. **Cause of Action—Sexual Harassment—Hostile Work Environment—TCHRA[3]**

18. Plaintiff incorporates each of the foregoing paragraphs.

---

[3] Texas Commission on Human Rights Act.

19. Defendant subjected Plaintiff to a sexually hostile work environment.

20. The conduct Defendant allowed to take place permeated Plaintiff's workplace with discriminatory intimidation, ridicule, and insult, and was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

21. Defendant's actions violated section 21.051 of the Texas Labor Code.

**B.   Cause of Action—Sex Discrimination—TCHRA**

22. Plaintiff incorporates each of the foregoing paragraphs.

23. Defendant discriminated against Plaintiff because of her sex.

24. Plaintiff was treated differently than similarly situated males.

25. Defendant's actions violated section 21.051 of the Texas Labor Code.

**C.   Cause of Action—Wrongful Termination—Sex Discrimination—TCHRA**

26. Plaintiff incorporates each of the foregoing paragraphs.

27. Defendant discriminated against Plaintiff because of her sex and terminated her employment because of her sex.

28. Defendant's actions violated section 21.051 of the Texas Labor Code.

**D.   Cause of Action—Age Discrimination—TCHRA**

29. Plaintiff incorporates each of the foregoing paragraphs.

30. Defendant discriminated against Plaintiff because of her age.

31. Defendant's actions violated section 21.051 of the Texas Labor Code.

**E.   Cause of Action—Wrongful Termination— Age Discrimination—TCHRA**

32. Plaintiff incorporates each of the foregoing paragraphs.

33. Defendant terminated Plaintiff's employment because of her age.

34. Defendant's actions violated section 21.051 of the Texas Labor Code.

F. **Cause of Action—Unlawful Retaliation—TCHRA**

35. Plaintiff incorporates each of the foregoing paragraphs.

36. Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055.

37. In response, Defendant retaliated against Plaintiff and ultimately terminated her employment.

38. Defendant's actions violated section 21.055 of the Texas Labor Code.

## IX.

## DAMAGES

39. Plaintiff incorporates each of the foregoing paragraphs.

40. Defendant's actions violated the TCHRA, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

41. Because Defendant's actions were done with actual malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

42. Plaintiff seeks all damages available to her under the Texas Anti-Retaliation Statute.

## X.

## ATTORNEYS' FEES AND COSTS

43. Plaintiff incorporates each of the foregoing paragraphs.

44. Plaintiff retained the services of undersigned counsel to prosecute her claims.

45. Pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

## XI.

## INJUNCTIVE AND DECLARATORY RELIEF

46. Plaintiff incorporates each of the foregoing paragraphs.

47. Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

    a. Prohibiting Defendant from engaging in unlawful discrimination;

    b. Reinstating Plaintiff's employment with Defendant with backpay;

    c. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    d. Paying court costs;

    e. A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

    f. Any additional equitable relief the Court deems proper.

## XII.

## RESPONDEAT SUPERIOR

48. Plaintiff incorporates each of the foregoing paragraphs.

49. Defendant is liable for the acts and/or omissions of its respective agents, representatives, employees, servants, and officers.

## XIII.

## PRESERVATION OF EVIDENCE

50. Defendant is hereby given notice that any document or other material, including electronically stored information that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## XIV.

## NOTICE PURSUANT TO RULE 193.7

51. Plaintiff provides notice to Defendant pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that Plaintiff may utilize as evidence during the trial of this lawsuit all documents exchanged by the parties in written discovery in this case.

## XV.

## JURY DEMAND

52. Plaintiff demands a trial by jury.

## XVI.

## PRAYER

53. Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

 A. Back pay and front pay (including benefits);

 B. Compensatory damages;

 C. Punitive damages;

 D. Reasonable attorneys' fees and expert fees;

 E. Injunctive and declaratory relief, including but not limited to, an Order:

  a. Prohibiting Defendant from engaging in unlawful discrimination;

  b. Reinstating Plaintiff's employment with Defendant with backpay;

  c. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

  d. Paying court costs;

  e. A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in

      unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

  f.  Any additional equitable relief the Court deems proper;

F.  Court costs;

G.  Pre-judgment and post-judgment interest at the rate set by law; and

H.  All legal or equitable relief this Court deems proper.

      Respectfully submitted,

      */s/ Jamie J. Gilmore*
      Jamie J. Gilmore
      State Bar No. 24045262
      jgilmore@galyen.com
      Brittney L. Thompson
      State Bar No. 24104618
      bthompson@galyen.com
      **BAILEY & GALYEN**
      1300 Summit Avenue, Suite 650
      Fort Worth, Texas 76102
      Telephone: 817-276-6000
      Facsimile: 817-276-6010
      **ATTORNEYS FOR PLAINTIFF**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | [ ] FEPA<br>[X] EEOC | 450-2020-05849 |

Texas Workforce Commission Civil Rights Division _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>**Ms. Jennifer Temple** | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name<br>**TEGNA, Inc** | No. Employees, Members<br>**500+** | Phone No. (Include Area Code)<br>**214-748-9631** |
|---|---|---|
| Street Address<br>**606 Young Street, Dallas, Texas 75202** | City, State and ZIP Code | |

| Name<br>**TEGNA** | No. Employees, Members<br>**500+** | Phone No. (Include Area Code)<br>**703-873-6936** |
|---|---|---|
| Street Address<br>**8350 Broad Street., Suite 2000, Tysons, VA 22102** | City, State and ZIP Code | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| [ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN<br>[X] RETALIATION  [X] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION<br>[ ] OTHER (Specify) | Earliest: **August 2017**   Latest: **July 13, 2020**<br>[ ] CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**Personal Harm:**  I was employed by TEGNA, Inc. from August 2017 until my wrongful termination on July 13, 2020. Since the beginning of my employment, a certain group of women and a few men almost all under the age of 40 have targeted me, lied about me, and conspired against me attempting to get me fired. The culture of the company is one that supports bullying, sexual harassment, and derogatory comments about age and other protected classes. My situation is not unique. TEGNA, Inc. allows and encourages this group of young women to bully and harass other employees to the point they resign or are terminated. Over the years, there have been consistent comments about my age by the group of younger employees. The group of harassing employees gifted me a Life Alert monitor for my birthday one year. This was embarassing since Life Alert monitors are clearly sold and used by the elderly population. The management at TEGNA, Inc. favored these employees over older employees. TEGNA, Inc. management also refused to allow me to hire an experienced and over-40 potential account executive claiming he was too old to work for the company. TENGA, Inc. employees also spread inappropriate pictures and make inappropriate comments via text message, including a full-frontal photo of a naked man.  Further, at company events TEGNA, Inc. supports and encourages drunken, lewd, inappropriate sexual comments and behavior, including the sharing of pornograpic text messages and imagess, at company events and in the office.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |
| **August 4, 2020**<br>Date          Charging Party Signature | |

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s): |
|---|---|---|

**Texas Workforce Commission Civil Rights Division** and EEOC
*State or local Agency, if any*

I was well respected and well liked by most of my staff and other employee, with the exception of the group of young women. Despite this, on July 1, 2020, I was advised during a conference call I was under investigation for inappropriate statements made at work. During this conference, I explained that the allegations were untrue. In any event, I asked if any employees that had sent sexually explicit texts or made inappropriate comments at work were also being investigated. I was advised that they could not discuss other employees. I also provided my employer with a writen statement rebutting their allegations and discussing the harassment and discrimination I had experienced in the workplace. On July 13, 2020, I was called into a meeting and terminated. In the midst of the events that led up to my termination, TEGNA, Inc. and its employees have been spreading lies and defaming me to other media people to prevent me from working in the Dallas-Fort Worth media industry. The Dallas-Fort Worth media community have already heard the lies spread by TEGNA, Inc. and its employees.

**Respondent's Reason for Adverse Action:**
None.

**Discrimination Statement:**
I have been discriminated against, harassed, and retaliated against because of my age (47) in violation of the Age Discrimination in Employment Act of 1967, as amended, and I have been discriminated against, sexually harassed, and retaliated against in violation of Title VII to the Civil Rights Act of 1964, as amended, and the Texas Commission on Human Rights Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I declare under penalty of perjury that the above is true and correct.<br><br>**August 4, 2020**    [signature]<br>Date          Charging Party Signature | NOTARY – *When necessary for State and Local Agency Requirements*<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>[signature]<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |
|---|---|

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jamie Gilmore on behalf of Jamie Gilmore
Bar No. 24045262
jgilmore@galyen.com
Envelope ID: 52994771
Status as of 5/3/2021 4:35 PM CST

Associated Case Party: JENNIFER TEMPLE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jamie J.Gilmore | | jgilmore@galyen.com | 4/30/2021 11:53:31 AM | SENT |
| Eli Rodriguez | | elirodriguez@galyen.com | 4/30/2021 11:53:31 AM | SENT |
| Brittney L.Thompson | | bthompson@galyen.com | 4/30/2021 11:53:31 AM | SENT |