# A-6

CAUSE NO. DC-21-05553

| | | |
|---|---|---|
| JENNIFER TEMPLE,<br>    Plaintiff, | § § § | IN THE DISTRICT COURT |
| vs. | § § | OF DALLAS COUNTY, TEXAS |
| WFAA-TV, INC.,<br>    Defendant. | § § | 191ST JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant WFAA-TV, Inc. ("Defendant" or "WFAA") submits this Original Answer in response to Plaintiff Jennifer Temple's Original Petition.

### I. GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, WFAA denies each and every, all and singular, the allegations in the Petition, as well as any other amended or supplemental petition filed thereafter, and demands strict proof thereof.

### II.   AFFIRMATIVE DEFENSES

1. Subject to information developed in discovery, Plaintiff has failed to mitigate her alleged damages, if any, and if any damages are proved, those damages should be reduced by the amount attributable to Plaintiff's failure to mitigate damages. WFAA also pleads as mitigation any amounts that Plaintiff received or could have received through unemployment compensation. WFAA also pleads as an offset any earnings by Plaintiff or any amounts received since her termination.

2. All employment decisions affecting Plaintiff weredone for legitimate, non-discriminatory and non-retaliatory business reasons. Further, in the event of any finding of mixed motive, the same employment decision would have been made.

3. WFAA pleads estoppel and waiver.

DEFENDANT'S ORIGINAL ANSWER - Page 1

4. Plaintiff fails to state a claim upon which relief can be granted in whole or in part.

5. WFAA demands that any finding of punitive damages be based on clear and convincing evidence and upon unanimous finding of the finder of fact. WFAA further pleads the caps set forth in Chapter 41 of the Texas Civil Practice and Remedies Code, Chapter 21 of the Texas Labor Code, and such other caps and limitations to compensatory and punitive damages as provided by the relevant statutes.

6. WFAA is not liable for punitive damages because no agent of WFAA acted with malice or reckless disregard for the rights of Plaintiff, and any such actions would have been contrary to the good faith efforts of WFAA.

7. Some or all of Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to exhaust statutory and/or administrative prerequisites, as applicable.

8. Some or all of Plaintiff's claims may be barred, in whole or in part, by limitations, as applicable.

9. To the extent Plaintiff's claims are based on alleged conduct by current or former employees not within the course and scope of their employment, Plaintiff fails to state a claim against WFAA upon which relief may be granted.  Any alleged discriminatory or retaliatory conduct by a current or former employee was not within the course and scope of his or her employment and was neither ratified nor authorized by WFAA.

10. Subject to information developed in discovery, Plaintiff's claims may be barred in whole or in part based on the doctrine of after-acquired evidence.

11. WFAA asserts that it exercised reasonable care to prevent or correct promptly any unlawful harassment, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities.

12. In the alternative, without waiver of the foregoing, Plaintiff's claims and/or alleged damages are barred, in whole or in part, because WFAA did not commit any of the acts alleged, did not have the requisite intent or state of mind to commit any of the acts alleged, and did not act willfully, recklessly, or maliciously. *See Continental Coffee Products Co. v. Cazarez,* 937 S.W.2d 444 (Tex. 1997).

13. In the alternative, without waiver of the foregoing, to the extent, if any, that Plaintiff may maintain an action against WFAA under Chapter 21 of the Texas Labor Code, she is limited to any claims alleged in her predicate charge of discrimination that were timely filed with the EEOC and/or Texas Workforce Commission Civil Rights Division.

14. Plaintiff's claims for equitable relief may be barred by the doctrine of unclean hands.

15. WFAA reserves the right to assert additional affirmative defenses as they become evident through discovery or investigation, in accordance with the Texas Rules of Civil Procedure and/or subsequent court order.

**PRAYER**

WHEREFORE, Defendant WFAA-TV, Inc. respectfully requests that Plaintiff take nothing by this suit and further requests that WFAA-TV, Inc. be awarded its costs of court, reasonable attorneys' fees, and such other and further relief, both general and special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

JACKSON WALKER LLP

*/s/ David R. Schlottman*
David Schlottman
Texas State Bar No. 24083807
dschlottman@jw.com
Shelisa Brock
Texas State Bar No. 24097420
sbrock@jw.com
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Tel.:   214-953-6068
Fax:   214-661-6896

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record via the Court's electronic filing system on this 28th day of May 2021.

*/s/ Shelisa Brock*
Shelisa Brock