IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JENNIFER TEMPLE,                          §
                                          §
      Plaintiff,                      §
                                          §
v.                                        §          Civil Action No. 3:21-CV-1250-N
                                          §
WFAA-TV, INC.,                            §
                                          §
      Defendant.                     §

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant WFAA-TV, Inc.'s ("WFAA") motion for summary judgment [15] and objection to summary judgment evidence [44]. For the reasons set forth below, the Court overrules the objection to summary judgment evidence, and grants in part and denies in part the motion for summary judgment.

## I. THE EMPLOYMENT DISPUTE

This case arises out of Plaintiff Jennifer Temple's termination from WFAA in July 2020. Pl.'s Original Pet. 2 [1–3]. Prior to her termination, Temple served as a Local Sales Manager for approximately three years. Def.'s App. Supp. Mot. Summ. J. 3 [18–1]. She reported to the Director of Sales, Giovanna Savorgnan, and supervised nine employees, including Nicole Tilford. *Id*. In June 2020, WFAA received a legal complaint from Tilford alleging that Temple made inappropriate sexual comments at a 2019 luncheon. *Id*. at 39, 46. These remarks included comments about Temple's sons' genitalia and an explicit story

MEMORANDUM OPINION AND ORDER – PAGE 1

about Temple's childhood.  *Id*. at 46.  After Group HR Director Nikki Mills conducted an investigation, WFAA terminated Temple for violation of company policy.  *Id*. at 7.

In April 2021, Temple filed suit in Texas state court alleging sex discrimination, age discrimination, sexual harassment, and retaliation in violation of the Texas Commission on Human Rights Act ("TCHRA").[1]  Pl.'s Original Pet. 4–6.  WFAA removed the case to this Court in May 2021.  Def.'s Notice Removal 1 [1].  Now, WFAA has moved for summary judgment on all claims, and objects to evidence presented in Temple's response to the motion.

## II. THE COURT OVERRULES WFAA'S OBJECTIONS TO TEMPLE'S SUMMARY JUDGMENT EVIDENCE

WFAA objects to several pieces of evidence presented in support of Temple's response to the motion for summary judgment.  Under Rule 56, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  FED. R. CIV. P. 56(c)(2).  "The admissibility of summary judgment evidence is subject to the same rules of admissibility applicable at trial."  *Pegram v. Honewell, Inc.*, 361 F.3d 272, 285 (5th Cir. 2004) (quoting *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1024 (5th Cir. 1995)).  The Court overrules WFAA's objections.

First, WFAA objects to a portion of Temple's deposition testimony (Plaintiff's Exhibit 2, 205:4–23) for lack of personal knowledge.  Def.'s Obj. Summ. J. Evid. 1. However, Temple's testimony discusses her personal conversations with management.

---

[1] Codified at TEX. LAB. CODE § 21.001, *et seq.*

MEMORANDUM OPINION AND ORDER – PAGE 2

Because she was a party to those conversations, Temple has the requisite personal knowledge. Accordingly, the Court overrules the objection.

Second, WFAA objects to several of Temple's documents (Plaintiff's Exhibits 9, 10, 12, 13, 18, 20, 46, 47, 51, 54, 55, 56, 58, and 59) as impermissible hearsay. *Id*. at 1–2. But courts "may consider hearsay at the summary judgment stage if the hearsay could be reduced to a form admissible at trial." *Heller v. Shahroodi*, 2019 WL 1556315, at *3 (S.D. Tex. 2019) (citing *Arora v. Starwood Hotels & Resorts Worldwide, Inc.*, 294 F. App'x 159, 161 (5th Cir. 2008) (per curiam)). After a careful review of Temple's summary judgment evidence, the Court determines that any hearsay may be presented in an admissible form at trial. Temple can likely show that the majority of the statements are admissions by a party opponent because they are statements made by an employee within the scope of employment. *See* FED. R. EVID. 801(d)(2)(D). Additionally, Temple expressed her willingness to call the relevant declarants as witnesses, Pl.'s Resp. Obj. Summ. J. Evid. 2–8 [47], which is all that is necessary at this stage. *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 239 (3rd Cir. 2016) ("Plaintiffs identified the third-party declarants, and nothing suggests that those declarants would be unavailable to testify at trial. That is all that was required."). The Court thus overrules WFAA's hearsay objections.

Third, WFAA challenges several exhibits (Plaintiff's Exhibits 10, 15–17, 18, 19, 20, and 21) as lacking authentication. Def.'s Obj. Summ. J. Evid. 1–2. However, WFAA's own production of Exhibit 10 authenticates the document. *See Hannon v. Kiwi Servs.*, 2011 WL 7052795, at *2 (N.D. Tex. 2011). And Temple authenticated the other documents through her declaration. Pl.'s App. Supp. Resp. Mot. Summ. J. 2–4 [35].

MEMORANDUM OPINION AND ORDER – PAGE 3

Although WFAA challenges the specificity of the declaration, the Court notes that WFAA has not alleged that the documents are forgeries, untrustworthy, or inaccurate. Accordingly, the Court overrules the objections and proceeds to the summary judgment analysis.

### III.  SUMMARY JUDGMENT STANDARD IN EMPLOYMENT DISCRIMINATION CASES

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986).  In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made the required showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

Courts generally analyze TCHRA claims under the same standards as the federal antidiscrimination laws.  *See Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012) (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633–34 (Tex. 2012)). In employment discrimination cases, plaintiffs can prove their claims with direct or circumstantial evidence.  *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007).  In cases such as this one, where the plaintiff has not produced

MEMORANDUM OPINION AND ORDER – PAGE 4

direct evidence, courts in this Circuit apply a modified version of the *McDonnell Douglas* burden-shifting framework. *Burrell*, 482 F.3d at 411–12 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). First, the plaintiff must establish a prima facie case of discrimination. *Burrell*, 482 F.3d at 411. If the plaintiff can do so, "the defendant then must articulate a legitimate, nondiscriminatory reason for its decision to terminate the plaintiff." *Id*. "If the defendant meets its burden of production," the burden then finally shifts back to the plaintiff to "offer sufficient evidence to create a genuine issue of material fact that either (1) the employer's reason is a pretext or (2) that the employer's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic."[2] *Id.* at 412. The "burden of persuasion remains with the employee throughout." *Saketkoo v. Adm'rs of Tulane Ed. Fund*, 31 F.4th 990, 1000 (5th Cir. 2022).

## IV. THE COURT DENIES SUMMARY JUDGMENT ON THE SEX DISCRIMINATION CLAIM

### A. Temple Has Established a Prima Facia Case of Sex Discrimination

To state a prima facie case of sex discrimination, a plaintiff must show that: "(1) she is a member of a protected class; (2) she was qualified for the position she sought; (3) she suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably." *Hobbs v. Ketera Technologies, Inc.*, 865 F. Supp. 2d 719, 727 (N.D. Tex. 2012) (citing *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007)). WFAA contends only that Temple has failed to show WFAA treated her

---

[2] For each claim, Temple argues only that WFAA's reason for termination is pretextual.

less favorably than similarly situated male employees.  Def.'s Br. Supp. Mot. Summ. J. 10 [17].  The Court disagrees; Temple has produced sufficient comparators to establish a prima facie case.

"Employees are similarly situated if their circumstances are comparable in all material respects, including similar standards, supervisors, and conduct."  *Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005).  While "precise equivalence in culpability" is not necessary, a plaintiff must show that her misconduct was "nearly identical" to that of her undisciplined counterparts.  *Id*. at 918 (citing *Smith v. Wal-Mart Stores, Inc.*, 891 F.2d 1177, 1180 (5th Cir.1990)).  Here, Temple has identified comparators in similar roles.  Craig Whitman held the same position and reported to the same supervisor as Temple.  Def.'s App. 3; Pl.'s App. 137.  Rob Weitkamp held a different job title, but also had the same supervisor as Temple.  Pl.'s App. 137.

Further, Temple has produced evidence that these comparators engaged in similar misconduct.  Whitman engaged in sexually inappropriate behavior on numerous occasions, including passing pornographic images to others at work event, wearing a sexually suggestive sweater ("Jingle My Bells") to a company party, and making a joke during a meeting that he and his wife broke their bed due to sexual activity.  Pl.'s Ex. 34; Def's App. 195; Pl.'s App. 32–40.  WFAA did not discipline Whitman for this behavior.  Pl.'s App. 40, 94.  Additionally, Weitkamp sent text messages to coworkers with a .gif image involving partial nudity and lewd dancing.  *Id*. at 223–29.  Yet WFAA did not terminate him nor issue written discipline.  *Id*. at 93.  A jury could reasonably find that WFAA treated Temple differently despite the "nearly identical" misconduct by her and the other male

MEMORANDUM OPINION AND ORDER – PAGE 6

employees.[3]  Accordingly, the Court concludes that Temple has established a prima facie case of sex discrimination.

### B.  WFAA Has Produced a Legitimate, Nondiscriminatory Reason for Termination

Because Temple has established her prima facie case, the burden shifts to WFAA to produce a legitimate, nondiscriminatory reason for termination.  *Burrell*, 482 F.3d at 411.  Here, WFAA claims that it terminated Temple for her inappropriate comments and subsequent lies during the investigation.  The Court finds this reason sufficient to meet WFAA's burden.  *See Chandler v. CSC Applied Techs., LLC*, 376 S.W.3d 802, 818 (Tex. App. — Houston [1st Dist.] 2012, pet. denied) (holding that violation of company policy and untruthfulness during the investigation were nondiscriminatory reasons for termination).

### C.  Temple Has Raised a Fact Issue Regarding Pretext

Next, Temple must establish that the proffered reason for her termination was a pretext for sex discrimination.  The issue at this stage is not whether the reason was correct or fair, but whether the decisionmakers honestly believed that it was the real reason for her termination.  *Harville v. City of Hous.*, 945 F.3d 870, 877 (5th Cir. 2019).  Further, courts may consider "disparate treatment of less similarly situated comparators as some evidence of pretext."  *Brown v. Wal-Mart Stores East, L.P.*, 969 F.3d 571, 580 (5th Cir. 2020).

---

[3] The Court rejects WFAA arguments that Plaintiff's untruthfulness during the investigation sufficiently distinguishes the comparators.  While some cases have noted that a plaintiff lied about his or her conduct, these cases involved other dissimilarities, such as management not knowing about the behavior and differences in the misconduct itself.  *See*, *e.g.*, *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 406 (5th Cir. 2005); *see also Gates v. Lyondell Petrochemical Co.*, 227 F. App'x 409, 410 (5th Cir. 2007).

MEMORANDUM OPINION AND ORDER – PAGE 7

Temple has produced evidence from which a reasonable jury could find that WFAA's proffered reason for termination is pretextual. In addition to the comparators in Whitman and Weitkamp, Temple provided evidence of other instances of disparate treatment with less similarly situated employees. The head of marketing, Jim Glass, for example, also engaged in sexually explicit conduct by passing around pornographic images at a company event. Pl.'s App. 32–40. He did not face discipline. *Id.* In contrast, when Savorgnon, a woman, sent text messages with nude imagery to another employees, WFAA issued formal written discipline. *Id.* at 220–22. These comparators raise a fact issue of whether WFAA treated Temple's behavior differently because she is a woman.

Additionally, Plaintiff has provided evidence that WFAA's work environment encouraged sexually inappropriate behavior. In addition to the conduct discussed above, employees also sent sexually explicit lyrics over email and made sexual jokes at company events. *See, e.g.,* Pl.'s App. 57, 230–34; Pl.'s Ex. 27, 28. WFAA even conducted a public marketing campaign with the slogan "Go to Bed with John. Wake up with Ron." Pl.'s App. 195–99. These instances give rise to a fact issue of whether WFAA's proffered reason for termination, Temple's explicit comments, is merely a pretext for discrimination.[4] Temple has thus satisfied her burden, and the Court denies summary judgment on the sex discrimination claim.

---

[4] WFAA argues that the decisionmakers actually believed the reason for termination because they believed Temple made the inappropriate comments. Def.'s Br. 15. But this argument is flawed. Belief that the conduct occurred does not equate to a belief that such conduct was the real reason for termination. In other words, the decisionmakers could believe she made the comments while also having other, discriminatory, reasons for termination.

MEMORANDUM OPINION AND ORDER – PAGE 8

## V.  THE COURT DENIES SUMMARY JUDGMENT ON THE AGE DISCRIMINATION CLAIM

### A.  Temple Has Established a Prima Facie Case of Age Discrimination

To state a prima facie case of age discrimination, a plaintiff must show that he or she was: "(1) a member of the protected class under the TCHRA, (2) qualified for his or her employment position, (3) terminated by the employer, and (4) replaced by someone younger." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 632 (Tex. 2012). WFAA argues that Temple cannot establish the fourth element because she was replaced by someone insignificantly younger.  The Court disagrees.

Texas courts and the Fifth Circuit have held that a replacement must be sufficiently younger than the plaintiff to raise an inference of age discrimination, but neither has set a bright-line rule for what age difference suffices.  *See id.* at 641–42; *see also Flanner v. Chase Inv. Services Corp.*, 600 F. App'x 914, 919 (5th Cir. 2015).  However, the Fifth Circuit called a six-year difference between employees within the protected class a "close question." *Flanner*, 600 F. App'x at 919.  Here, the parties do not dispute that Temple was forty-seven years old at the time of her termination, and that her replacement was thirty-eight years old.  Def.'s App. 7, 128.  Because the employees have a nine-year age gap and Temple's replacement was not within the protected class, the Court declines to hold the age difference insufficient to create a prima facie case.

### B. Temple Has Raised a Fact Issue Regarding Pretext

As discussed in Section IV.B *supra*, WFAA has produced a legitimate, nondiscriminatory reason for termination.  Therefore, the burden shifts to Temple to show that the proffered reason was a pretext for age discrimination.  Here, Temple has produced

MEMORANDUM OPINION AND ORDER – PAGE 9

sufficient evidence to raise a fact issue as to pretext. Temple's younger replacement also engaged in inappropriate behavior by emailing sexually explicit music lyrics to other employees. Pl.'s App. 230–34. Yet she was not disciplined and received Temple's role. Def.'s App. 238. Further, various employees, including Temple's supervisor, made disparaging comments about age. These include calling Temple a "boomer," giving her a Life Alert, and saying someone else was too old to be hired for another position. Pl.'s App. 22–25, 41, 191–93. Individually, these comments are "stray remarks," that are not direct evidence of discrimination against Temple. *See Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 380 (5th Cir. 2010). However, they provide helpful context to Temple's termination and replacement by someone younger who also made inappropriate sexual comments.

Additionally, WFAA's evidence does not entitle it to judgment as a matter of law. WFAA does provide evidence suggesting that age discrimination may not have been the reason for termination. This evidence includes the fact that the decisionmakers were around Temple's age, and that WFAA hired Temple while she was a member of the protected class. Def.'s App. 2–3, 131; *see McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 460–61 (5th Cir. 2019) ("[D]iscrimination is less likely when the supervisor is in the same protected class as the plaintiff."); *see also Garcia v. Fulbright & Jaworski, L.L.P.*, 1996 WL 544371, at *4 (S.D. Tex. 1996) ("[W]hen an employee in the protected class is hired and fired by the same employer within a short span of years, a presumption arises that age discrimination was not the motive behind the termination."). However, this evidence does not directly contradict Temple's evidence of age bias and a

MEMORANDUM OPINION AND ORDER – PAGE 10

younger employee with similar misconduct replacing her.  Therefore, WFAA merely raises

a fact issue as to age discrimination — it does not dispel one.  Based on Temple's evidence,

a jury could still reasonably find that WFAA's proffered reason for termination is merely

a pretext for age discrimination.  Accordingly, the Court denies summary judgment on the

age discrimination claim.

## VI.  THE COURT GRANTS SUMMARY JUDGMENT ON THE SEXUAL HARASSMENT CLAIMS

Temple's claims for same-sex and opposite-sex harassment fail as a matter of law.

To succeed on a sexual harassment claim, a plaintiff must prove that "(1) that she belongs

to a protected class; (2) that she was subject to unwelcome sexual harassment; (3) that the

harassment was based on sex; (4) that the harassment affected a 'term, condition, or

privilege' of employment; and (5) that the employer knew or should have known of the

harassment and failed to take prompt remedial action."  *Holmes v. N. Tex. Health Care

Laundry Coop. Ass'n*, 304 F. Supp. 3d 525, 542 (N.D. Tex. 2018).  Same-sex harassment

claims also require additional evidence to prove that the action was because of sex.  *Alamo

Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 763 (Tex. 2018).  WFAA contends

that there is no evidence of harassment, any harassment was not because of sex, and there

was no change to Temple's terms or condition of employment.  Def.'s Br. 22–31.  While

fact issues may exist as to some of the required elements, Temple's claim fails because she

has not shown that the harassment affected her terms or condition of employment.

In its motion, WFAA argued that the alleged harassment did not affect Temple's

employment.  *Id*. at 28.  It cites Temple's deposition testimony stating that she performed

MEMORANDUM OPINION AND ORDER – PAGE 11

well in her role and wanted to continue working for the company up to three months before her termination.  *Id.*   In her response, Temple did not dispute these facts nor produce other evidence that the harassment changed her terms and conditions of employment.  *See generally*, Pl.'s Resp. Br. 34–36.  And the Court has no obligation to scour the record to discover ambiguities in the nonmoving party's favor or to point out potential problems with the moving party's proffered evidence.  *See Stults v. Conoco, Inc.*, 76 F.3d 651, 657 (5th Cir. 1996).  Therefore, Temple has failed to carry her burden on an essential element of her sexual harassment claim, and WFAA is entitled to summary judgment as a matter of law.  *See Celotex*, 477 U.S. at 322–25.

## VII.  THE COURT GRANTS SUMMARY JUDGMENT ON THE RETALIATION CLAIM

Temple has not shown a fact dispute regarding essential elements of her retaliation claim.  To establish a prima facie case of retaliation, a plaintiff must show "(1) she engaged in an activity protected by the TCHRA, (2) she experienced a material adverse employment action, and (3) a causal link exists between the protected activity and the adverse action."  *Clark*, 544 S.W.3d at 782.  "Engaging in a protected activity requires complaining of the sort of discrimination that is covered by the Texas Commission on Human Rights Act."  *Garrett v. Judson Indep. Sch. Dist.*, 299 F. App'x 337, 342–43 (5th Cir. 2008).  Further, "[t]he employee's complaint must, at a minimum, alert the employer to the employee's reasonable belief that unlawful discrimination is at issue."  *Clark*, 544 S.W.3d at 786.

Here, Temple has not shown that she was engaging in a protected activity.  Temple claims that WFAA retaliated against her because of a series of emails she sent to Mills during the investigation into Tilford's EEOC charge.  Pl.'s Resp. Br. 60.  The first email,

MEMORANDUM OPINION AND ORDER – PAGE 12

dated July 6, 2020, largely details Tilford's performance and conduct.  Def.'s App. 62–99.

Within the thirty-seven-page email, Temple states that she had "suffered quite a bit of

harassment in [her] 3 years at WFAA."  *Id*. at 99.  She also mentions that Tilford

embarrassed her by giving her a Life Alert as a gift.  *Id*. at 70.  But these vague allegations

of harassment are not enough to constitute protected activity. *Clark*, 544 S.W.3d at 787

("But complaining only of 'harassment,' 'hostile environment,' 'discrimination,' or

'bullying' is not enough.").  Indeed, Temple did not indicate that she believed she was

subject to harassment based on unlawful discrimination.

Temple also points to several follow-up emails in which she describes Tilford's and

other employees' sexually explicit behavior.  Pl.'s App. 376–80.  These emails, however,

merely describe the conduct as inappropriate.  Temple does not indicate that these incidents

were harassment or the result of sex-based discrimination.  Indeed, all of the emails Temple

sent primarily focused on her evaluation of Tilford.  A jury could not reasonably conclude

that Temple alerted WFAA that she thought she was the subject of unlawful discrimination.

Because Temple has failed to prove an essential element of her retaliation claim, WFAA

is entitled to summary judgment.

Additionally, even if Temple had shown that she engaged in a protected activity,

she has not shown causation.  "An employer is not forbidden from addressing performance

issues involving employees who have engaged in protected activity, including following

through on known preexisting issues." *Clark*, 544 S.W.3d at 779.  In this case, WFAA

received the legal complaint alleging Temple's misconduct on June 30, 2020 — *before* the

alleged protected activity.  Def.'s App. 5.  During the investigation, Mills interviewed

MEMORANDUM OPINION AND ORDER – PAGE 13

Temple on July 6, 2020, and other employees on July 7, 2020.  *Id.*  WFAA thus acted within days of receiving the complaint, rather than reviving an old complaint.  *See Badgerow v. REJ Props., Inc.*, 974 F.3d 610, 620 (5th Cir. 2020) (finding pretext where the employer acted on months-old complaints only after plaintiff's protect activity). Because WFAA learned of the behavior and acted on it before the alleged protected activity, a reasonable jury could not find that WFAA terminated Temple in retaliation for her email.  The Court thus concludes that WFAA is entitled to summary judgment on the retaliation claim

### CONCLUSION

For the reasons set forth above, the Court overrules WFAA's objection to summary judgment evidence.  Further, the Court grants WFAA's motion for summary judgment on Temple's sexual harassment and retaliation claims.  However, because there are genuine disputes of material fact, the Court denies summary judgment on the sex and age discrimination claims.

Signed January 9, 2023.

David C. Godbey
Chief United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 14